UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMNER JORAM ESCALANTE GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General of the United States, et al., <br><br> Respondents. | Case No.: 3:26-cv-04124-RBM-DDL <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **[Doc. 1]** |

Before the Court is Petitioner Amner Joram Escalante Gomez's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of his immigration detention.  (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States without inspection on or about September 27, 2007.  (Doc. 1 ¶ 16.)  He has resided in Florida continuously since then and established strong community ties, including raising four United States citizen children.  (*Id.* ¶ 17.)  Petitioner's mother and brother are lawful permanent residents, and Petitioner was employed at the time he was detained.  (*Id.* ¶¶ 19–20.)  Petitioner has no criminal history.  (*Id.* ¶ 21.)

1

On July 8, 2026, Petitioner was arrested while was dropping off his son at summer school and transferred to immigration custody.  (*Id.* ¶ 22.)  On or about July 13, 2026, Petitioner was transferred to Otay Mesa Detention Center, where he has remained since.  (*Id.* ¶ 24.)  Petitioner has not received a bond hearing because immigration judges lack jurisdiction to hold them under agency precedent.  (*Id.* ¶¶ 25, 48–49.)

On July 17, 2026, Petitioner filed his Petition.  (Doc. 1.)  The Court set a briefing schedule that same day.  (Doc. 2.)  Respondents filed their Return to Petition on July 23, 2026.  (Doc. 4.)  Petitioner was authorized to file a reply on or before August 3, 2026, but did not file one.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment.  (Doc. 1 ¶¶ 33–47.)  Respondents argue "that Petitioner is subject to mandatory detention under § 1225(b)(2)," but "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Doc. 4 at 1–2.)

After the Petition was fully briefed, the Ninth Circuit issued its decision in *Rodriguez Vazquez v. Bostock*, — F. 4th —, 2026 WL 2196424 (9th Cir. July 30, 2026).  In *Rodriguez Vazquez*, the Ninth Circuit rejected Respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are

subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at \*3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided here for nearly 20 years (*see* Doc. 1 ¶¶ 16, 17–22), the discretionary detention procedures of § 1226(a) govern Petitioner's detention. Therefore, and in light of Respondents' non-opposition, the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at \*3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

### IV.    CONCLUSION[1]

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[3]

**IT IS SO ORDERED.**

DATE:  August 4, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").

4

3:26-cv-04124-RBM-DDL